**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:10cv122**

| | | |
|---|---|---|
| **QUEENS GAP HOLDING COMPANY, LLC; and D. F. McCARTHY INVESTMENTS XVIII, III,** | ) | |
| **Plaintiffs,** | ) | |
| **Vs.** | ) | **CARDEN ORDER** |
| **BANK OF ASHEVILLE,** | ) | |
| **Defendants.** | ) | |
| _______________________________ | ) | |

**THIS MATTER** is before the court on its own consideration of its subject matter jurisdiction. While plaintiffs have alleged diversity as the basis for this court's jurisdiction, they have only alleged that they are Ohio limited liability corporation with their principal places of business in Ohio. They have not alleged the names of all members of the plaintiff LLC or the states in which such members reside. Complaint, at ¶¶ 1-2.

The state of incorporation and the place where a limited liability corporation does business does not, on its face, satisfy the requirements for either pleading or determining diversity. Thus, the Complaint contains a patent defect.

A partnership is a citizen of all states in which its constituent partners are

citizens. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990). In turn, a limited liability company is a citizen of all states in which its constituent members are citizens. Id. In this case, the Complaint fails to inform the court as to the citizenship of the LLC's members. As the parties are aware, the court has an affirmative duty to question its subject-matter jurisdiction, even where the parties have not raised the issue. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In this case, however, defendant is the proponent of jurisdiction in this court by and through removal.

In accordance with the reasoning of Adams and Carden, plaintiffs shall be required to file with the court a Notice of Citizenship of Plaintiffs, in which they name and identify the citizenship of each LLCs' constituent members or partners, and, for any such constituent members or partners that are also LLCs or partnerships, to identify the citizenship of their respective constituent members or partners, until all such constituents are fully identified. See Carden, supra. The parties may wish to review the recent decision of the district court in Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, 2010 WL 391279 (W.D.N.C. Jan. 26, 2010). Such filing shall be made not later than February 26, 2010. Next, the court has considered the Bank of Asheville's Motion for Extension of Time to Answer the Complaint (#8). The motion will be allowed.

Finally, the court's review of the Complaint in accordance with Carden and the instructions of the district court has, by chance, revealed that Mr. Keith Vinson, while not a party herein, may well become a party to this action or may be a key witness in this matter. Mr. Vinson is on the undersigned's conflicts list; therefore, the undersigned must, respectfully, recuse himself from further participation in this matter.[1]

---

[1] The undersigned has handled the first motion for enlargement of time to answer as well as entry of a Carden order inasmuch as such tasks are ministerial.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs file and serve a Notice of Citizenship of LLC Plaintiffs not later than July 23, 2010. The Bank of Asheville's Motion for Extension of Time to Answer the Complaint (#8) is **ALLOWED**, and defendant is granted an additional 21 days within which to Answer or otherwise respond. The undersigned **RECUSES** himself from further participation in this matter for the reasons above discussed.

Signed: July 9, 2010

Dennis L. Howell
United States Magistrate Judge