IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:10-CV-00122

| | | |
|---|---|---|
| QUEENS GAP HOLDING COMPANY, LLC, and D.F. MCCARTHY INVESTMENTS XVIII, LLC, Plaintiffs | ) | ANSWER AND DEFENSES TO COMPLAINT |
| v. | ) | |
| BANK OF ASHEVILLE, Defendant | ) | |

Defendant Bank of Asheville, in Answer to the Complaint of Plaintiffs Queens Gap Holding Company, LLC and D.F. McCarthy Investments XVIII, LLC ("Plaintiffs"), says and avers:

**ANSWER AND FIRST DEFENSE**

The herein below numbered paragraphs correspond to the paragraph numbers in the Complaint to which Defendant responds as indicated.

The Parties

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint upon information which it believes to be true.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint upon information which it believes to be true.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

## Jurisdiction and Venue

4. Paragraph 4 asserts a legal conclusion to which no answer is required of Defendant. To the extent an answer is required, the allegations of Paragraph 4 are denied.

5. Defendant admits that it is a North Carolina corporation with a principal place of business in North Carolina and that it maintains several branch offices in North Carolina. The remaining allegations of Paragraph 5 assert a legal conclusion to which no answer is required of Defendant. To the extent an answer is required, these allegations are denied.

6. Paragraph 6 asserts a legal conclusion to which no answer is required of Defendant. To the extent an answer is required, the allegations of Paragraph 6 are denied.

## Factual Allegations

7. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies these allegations.

8. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies these allegations.

9. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies these allegations.

10. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies these allegations.

11. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies these allegations.

12. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies these allegations.

13. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and, therefore, denies these allegations.

14. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies these allegations.

15. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies these allegations.

16. Defendant admits that it was provided a draft copy of the Disbursement Agreement. Except as specifically admitted herein, the allegations of Paragraph 16 are denied.

17. The e-mails attached as Exhibit A to the Complaint are in writing and constitute the best evidence of their text; therefore, the allegations of Paragraph 17 are denied to the extent that they are inconsistent with this text. Except as specifically admitted herein, the allegations of Paragraph 17 are denied.

18. The communications referenced in Paragraph 18 are in writing and constitute the best evidence of their text; therefore, the allegations of Paragraph 18 are denied to the extent that they are inconsistent with this text. The remaining allegations of Paragraph 18 are denied.

19. Responding to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant admits that $4.25 million was deposited into the account on or about June 2, 2009 and that Defendant debited the account for $14.00. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and, therefore, denies these allegations.

23. Responding to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendant admits that the letter referenced in this Paragraph 23 is in writing and speaks for itself as to its contents. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Responding to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant admits that the letter referenced in this Paragraph 24 is in writing and

speaks for itself as to its contents. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

Count I
(Breach of Contract)

25. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 24 as if fully set forth.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

Count II
(Violation of N.C. Gen. Stat. § 25-4-401)

32. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 31 as if fully set forth.

33. Responding to Paragraph 33 of Plaintiffs' Complaint, Defendant states that Uniform Commercial Code §4-401, codified at N.C. Gen. Stat. §25-4-401, is in writing and speaks for itself. Defendant further states that the remaining allegations contained in Paragraph 33 do not require a response by Defendant but, in the event they do require a response, Defendant denies these allegations.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

Count III
(Negligence)

37. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 36 as if fully set forth.

38. Responding to the allegations contained in Paragraph 38 of Plaintiffs' Complaint, insofar as same constitute conclusions of law they are improper and call for no response; in the event they do require a response, Defendant denies these allegations.

39. Defendant denies the allegations contained in Paragraph 39 and all of its subparts.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

Count IV
(Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §75-1)

42. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 41 as if fully set forth.

43. Defendant admits that it resides and is engaged in the business of banking in North Carolina. The first sentence of Paragraph 43 asserts a legal conclusion to which no answer is required of Defendant. To the extent an answer is required, that allegation is denied. The remaining allegations of Paragraph 43 are denied. Except as specifically admitted herein, the allegations of Paragraph 43 are denied.

44. Defendant denies the allegations contained in Paragraph 44 and all of its subparts.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

Count V
(Breach of Fiduciary Duty)

48. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 47 as if fully set forth.

49. Defendant denies the allegations contained in Paragraph 49 and all of its subparts.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

Count VI
(Fraud)

54. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 53 as if fully set forth.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies the allegations contained in Paragraph 58 and all of its subparts.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62. All allegations not specifically admitted herein are denied.

63. Defendant denies that Plaintiffs are entitled to any of the relief requested.

**SECOND DEFENSE**

Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiffs' First Count for breach of contract fails for lack of consideration.

**FOURTH DEFENSE**

Plaintiffs' Second Count fails because Plaintiffs were not Defendant's customers.

**FIFTH DEFENSE**

Plaintiffs' Third Count fails because Defendant owed no duty of care to Plaintiffs.

**SIXTH DEFENSE**

Plaintiffs' Fifth Count fails because no fiduciary relationship existed between Plaintiffs and Defendant.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages.

**NINTH DEFENSE**

Plaintiffs' claims are barred because their own negligent acts and omissions contributed to any damages they claims.

**TENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of Assumption of the Risk.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred because they were in the best position to guard against the damages they claim they incurred.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred because they were proximately caused by acts and/or omissions outside the control of Defendant.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because there was no meeting of the minds on the terms essential to the formation of a contract.

**FOURTEENTH DEFENSE**

Defendant pleads any and all remaining applicable affirmative defenses as set forth in Rule 8 of the Federal Rules of Civil Procedure.

**NONWAIVER**

Defendant does not waive, but expressly reserves, such other defenses as may be disclosed by further investigation and discovery.

WHEREFORE, Defendant Bank of Asheville prays that:

1. Plaintiffs have and recover nothing;

2. This Court enter judgment in Defendant's favor, and against Plaintiffs;

3. This Court dismiss Plaintiffs' Complaint with prejudice;

4. This Court assess the costs of this action against Plaintiffs and grant Defendant such further relief as it deems just and appropriate.

This the 4th day of August, 2010.

*/s/ Lance P. Martin*__________________________

Lance P. Martin
N.C. State Bar I.D. No.: 027287
E-mail: lpm@wardandsmith.com
Gary J. Rickner
N.C. State Bar I.D. No.: 25129
E-mail: gjr@wardandsmith.com
Derek J. Allen
N.C. State Bar I.D. No.: 24091
E-mail: dja@wardandsmith.com
For the firm of
Ward and Smith, P.A.
BB&T Building, Suite 1403
1 West Pack Square
Asheville, NC 28801
Telephone: (828) 333-9470
Facsimile: (828) 333-9477
Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on August 4th, 2010, I electronically filed ANSWER AND DEFENSES TO COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Brent A. Rosser, Esq. and A. Todd Brown, Sr., Esq., and I hereby certify that I have mailed the document to the following non CM/ECF participants:

Stuart C. Brinn, Esq.
Strauss & Troy
The Federal Reserve Building
150 E. Fourth Street, 4th Floor
Cincinnati, OH 45202-4018
scbrinn@strausstroy.com

*/s/ Lance P. Martin* ______________________
Lance P. Martin
N.C. State Bar I.D. No.: 027287
E-mail: lpm@wardandsmith.com
Gary J. Rickner
N.C. State Bar I.D. No.: 25129
E-mail: gjr@wardandsmith.com
Derek J. Allen
N.C. State Bar I.D. No.: 24091
E-mail: dja@wardandsmith.com
For the firm of
Ward and Smith, P.A.
BB&T Building, Suite 1403
1 West Pack Square
Asheville, NC 28801
Telephone: (828) 333-9470
Facsimile: (828) 333-9477
Attorneys for Defendant